WILLMORE F. HOLBROW III (SBN: 169688)
MATTHEW L. SEROR (SBN: 235043)
BUCHALTER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: wholbrow@buchalter.com
mseror@buchalter.com

Attorneys for Defendant
TARGET CORPORATION, a Minnesota corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION, a Korean Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> TARGET CORPORATION, a Minnesota corporation; and DOES 1-10, <br><br> Defendants. | Case No. 2:18-cv-02625 JAK (AS) <br><br> **ANSWER TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant Target Corporation ("Defendant") answers the Complaint ("Complaint") of Plaintiff Wongab Corporation ("Plaintiff") as follows:

In response to the introduction, Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained therein and, on that basis, denies each and every allegation contained therein.

1. In response to Paragraph 1 of the Complaint, Defendant denies any and all liability. Defendant admits that Plaintiff purports to assert claims and seeks remedies pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*

2. Paragraph 2 of the Complaint states a legal conclusion which Defendant is not required to admit or deny.

///

3. Paragraph 3 of the Complaint states a legal conclusion which Defendant is not required to admit or deny.

4. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of the Complaint and, on that basis, denies each and every allegation contained therein.

5. Defendant Target Corporation admits that it is a corporation organized and existing under the laws of the State of Minnesota and that it does business in the State of California. Target denies the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 6 of the Complaint and, on that basis, denies each and every allegation contained therein.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 8 of the Complaint and, on that basis, denies each and every allegation contained therein.

9. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 9 of the Complaint and, on that basis, denies each and every allegation contained therein.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 12 of the Complaint and, on that basis, denies each and every allegation contained therein.

///

13. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 13 of the Complaint and, on that basis, denies each and every allegation contained therein.

14. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14 of the Complaint and, on that basis, denies each and every allegation contained therein.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. For its response to Paragraph 18 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-17, inclusive, of this Answer as if said responses were set forth herein.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

///

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. For its response to Paragraph 26 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-25, inclusive, of this Answer as if said responses were set forth herein.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. For its response to Paragraph 32 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1-31, inclusive, of this Answer as if said responses were set forth herein.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 34 of the Complaint with respect to the marking of Plaintiff's purported patented material and, on that basis, denies each and every allegation contained therein. Defendant denies all other allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

///

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

36. As its First and Separate Affirmative Defense, Defendant alleges that Plaintiff has failed to state a claim against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Damages)

37. As its Second and Separate Affirmative Defense, Defendant alleges that Plaintiff has sustained no loss or damages as a result of Defendant's alleged conduct.

## THIRD AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

38. As its Third and Separate Affirmative Defense, Defendant alleges that Plaintiff has failed to mitigate the damages, if any, that Plaintiff has allegedly suffered.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

39. As its Fourth and Separate Affirmative Defense, Defendant alleges that, as a result of Plaintiff's own conduct, Plaintiff has waived any claim for relief in conjunction therewith, and, thus, is barred or precluded from maintaining such action or obtaining any judgment or relief whatsoever against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

40. As its Fifth Affirmative Defense, Defendant alleges that Plaintiff, as a result of its own conduct, is estopped from prevailing on its claims.

///
///
///
///

## SIXTH AFFIRMATIVE DEFENSE
### (Lack of Copying)

41. As its Sixth and Separate Affirmative Defense, Defendant alleges that it has not copied the constituent original elements, if any, of Plaintiff's purported copyrighted work.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Infringement)

42. As its Seventh and Separate Affirmative Defense, Defendant has not infringed and does not infringe, directly, contributively, or by inducement, any valid and enforceable claim of the asserted patent, either literally or under the doctrine of equivalents.

## EIGHTH AFFIRMATIVE DEFENSE
### (Misuse of Copyright)

43. As its Eighth and Separate Affirmative Defense, Defendant is informed and believes that Plaintiff has misused its copyright, if any, to secure an exclusive right or monopoly not granted by the Copyright Office; and, further, that Plaintiff's claim of copyright infringement is barred, in whole or in part, by fraud or deception in the copyright registration process, or by misuse of registered copyrights.

## NINTH AFFIRMATIVE DEFENSE
### (Attorneys' Fees Improper)

44. As its Ninth and Separate Affirmative Defense, Defendant alleges that Plaintiff fails to state facts sufficient to permit recovery of attorneys' fees against Defendant.

## TENTH AFFIRMATIVE DEFENSE
### (No Malice)

45. As its Tenth and Separate Affirmative Defense, Defendant alleges that the alleged acts, in connection with the manufacture and sale of garments, were

without malice, and were done in the good-faith belief that such acts were duly authorized and proper.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Wrongful Acts of Third Parties)

46. As its Eleventh and Separate Affirmative Defense, Defendant alleges that individuals other than Defendant were careless and negligent in and about the matters alleged and that said carelessness and negligence on the part of those individuals proximately contributed to and/or caused Plaintiff's damages, if any, and that, should Plaintiff recover any damages, Defendant is entitled to have such damages reduced or eliminated to the extent that third parties caused or contributed to such damages.

### TWELFTH AFFIRMATIVE DEFENSE
### (Copyrighted Work Not Original to Plaintiff)

47. As its Twelfth and Separate Affirmative Defense, Defendant alleges that Plaintiff's copyright registration, as identified in the Complaint, is invalid because it claims material originally developed by persons other than Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Designs Not Subject to Copyright Protection)

48. As its Thirteenth and Separate Affirmative Defense, Defendant alleges that Plaintiff's copyrighted design, as alleged in the Complaint, is not properly subject to copyright protection or copyrightable.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Innocent Infringement and Good Faith)

49. As its Fourteenth and Separate Affirmative Defense, Defendant alleges that, to the extent Plaintiff's work was infringed, Defendant acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's rights. If such good faith and lack of intent does not, as a matter of law, preclude a finding of liability, any general or statutory damages awarded should be correspondingly reduced.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Invalidity)

50. As its Fifteenth and Separate Affirmative Defense, Defendant alleges that one or more claims of the asserted patent is invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§101, 102, 103, and 112. Defendant further alleges that the Copyright Registration alleged in the Complaint is invalid.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

51. As its Sixteenth and Separate Affirmative Defense, Defendant alleges that Plaintiff's copyright infringement claims are barred by the equitable doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

52. As its Seventeenth and Separate Affirmative Defense, Defendants allege that Plaintiff's copyright infringement claims are barred by the applicable statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Public Domain)

53. As its Eighteenth and Separate Affirmative Defense, Defendant alleges that Plaintiff's copyright infringement claims are barred because the work for which copyright protection is claimed, or elements thereof, was in the public domain.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Independent Creation)

54. As its Nineteenth and Separate Affirmative Defense, Defendant alleges that Plaintiff's copyright infringement claims are barred because the designs were independently created sufficient for protection under the Copyright Act.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Abandonment)

55. As its Twentieth and Separate Affirmative Defense, Defendant alleges that Plaintiff's copyright infringement claims are barred because Plaintiff has abandoned any alleged copyrights.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Laches)

56. As its Twenty-First and Separate Affirmative Defense, Defendant alleges that Plaintiff's copyright infringement claims are barred by the doctrine of laches.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Lack of Notice)

57. As its Twenty-Second and Separate Affirmative Defense, Defendant alleges that to the extent Plaintiff asserts that Defendant has committed or is committing indirect infringement of the asserted patent, Defendant is not liable for the acts alleged to have been performed before Defendant knew that its actions could cause infringement.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Recovery Barred by 35 U.S.C. § 288)

58. As its Twenty-Third and Separate Affirmative Defense, Defendant alleges that Plaintiff's claims against Defendant for recovery are barred, in whole or in part, by 35 U.S.C. § 288.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

59. As its Twenty-Fourth and Separate Affirmative Defense, Defendant alleges that the patents in the suit are invalid, unenforceable, and void as a result of patent misuse, such misuse including, without limitation, obtaining a patent through fraudulent representations and omissions in the Patent Office, and bad-faith

enforcement of patents known to Plaintiff to be invalid for the purpose of restraining competition.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
**(Failure of the Notice and Marking Requirements)**

60. As a Twenty-Fifth and Separate Affirmative Defense, Defendant alleges that Plaintiff's claim for damages prior to providing Defendant with actual notice of patent infringement by filing the Complaint is barred, in whole or in part, for failure to comply with 35 U.S.C. 287.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
**(Reservation of Defenses)**

61. Defendant reserves the right to assert such additional defenses in the event that further discovery, investigation or analysis indicate are proper.

DATED: May 23, 2018

BUCHALTER
A Professional Corporation


By:    /s/ Matthew L. Seror
       WILLMORE F. HOLBROW III
       MATTHEW L. SEROR
Attorneys for Defendant
TARGET CORPORATION,
a Minnesota corporation

## DEMAND FOR TRIAL BY JURY

Defendant hereby demands a trial by jury on all issues in Plaintiff's Complaint that are triable by jury.

DATED: May 23, 2018

BUCHALTER
A Professional Corporation

By:    /s/ Matthew L. Seror
       WILLMORE F. HOLBROW III
       MATTHEW L. SEROR
       Attorneys for Defendant
       TARGET CORPORATION,
       a Minnesota corporation