1  WILLMORE F. HOLBROW III (SBN: 169688)
   MATTHEW L. SEROR (SBN: 235043)
2  BUCHALTER
   A Professional Corporation
3  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, CA 90017-1730
4  Telephone: 213.891.0700
   Fax: 213.896.0400
5  Email: wholbrow@buchalter.com
          mseror@buchalter.com
6
7  Attorneys for Defendant/Counterclaimant
   TARGET CORPORATION, a Minnesota corporation

8
                  **UNITED STATES DISTRICT COURT**
9
                  **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| WONGAB CORPORATION, a Korean Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, a Minnesota corporation; and DOES 1-10,<br><br>Defendants. | Case No. 2:18-cv-02625 JAK (AS)<br><br>**TARGET CORPORATION'S COUNTERCLAIM AGAINST WONGAB CORPORATION**<br><br>**DEMAND FOR JURY TRIAL** |
| TARGET CORPORATION, a Minnesota corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>WONGAB CORPORATION, a Korean corporation,<br><br>Counter-Defendant. | |

## COUNTERCLAIM

Pursuant to Rules 12 and/or 13 of the Federal Rules of Civil Procedure, Defendant/Counterclaimant Target Corporation ("Counterclaimant") seeks declaratory relief against Plaintiff/Counter-Defendant Wongab corporation ("Counter-Defendant") and alleges as follows:

1. Counterclaimant is a corporation organized and existing under the laws of the State of Minnesota, and is doing business in the State of California.

2. On information and belief, Counter-Defendant is a corporation organized and existing under the laws of Korea with its principal place of business located in Seoul, Korea.

3. Jurisdiction for this counterclaim arises under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions relating to patents, 28 U.S.C. § 1338(a).

4. This is also a compulsory counterclaim within the meaning of Rule 13 of the Federal Rules of Civil Procedure. There is a justiciable controversy between Counterclaimant and Counter-Defendant concerning the validity and scope of U.S. Patent No. 8,448,476 (hereinafter "patent in suit") and for alleged direct, contributory, or induced infringement thereof.

5. This counterclaim is brought for a judgment that the patent in suit, and each claim thereof, is not infringed, either literally or under the doctrine of equivalents by direct, contributory, or induced infringement.

6. This counterclaim is brought for a judgment that the patent in suit is invalid, void, and unenforceable for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§101, 102, 103, and 112.

7. Having instituted this infringement suit against Counterclaimant, Counter-Defendant could, with the approval of this Court, dismiss such suit without

1  an adjudication of the patent in suit, thereby leaving Counterclaimant and the public
2  subject to further annoyance and litigation.

3        8.    Counterclaimant, denying infringement of the patent in suit, alleges
4  that unless Counterclaimant is found not to infringe the patent in suit and the patent
5  in suit is adjudged invalid, void, and enforceable, Counterclaimant will be harassed
6  in the conduct of its business.

7        WHEREFORE, Counterclaimant prays as follows:

8        A.    That Counter-Defendant take nothing by way of its complaint and the
9  complaint be dismissed with prejudice;

10       B.    That an order, judgment, and decree be granted declaring that Counter-
11 Defendant is without right or authority to threaten or to maintain suit against
12 Counterclaimant for alleged infringement of the patent in suit, that the patent is
13 invalid, unenforceable, and void in law; and that the patent is not infringed by
14 Counterclaimant;

15       C.    That this case be declared an exceptional case under 35 U.S.C. § 285
16 and judgment be entered for all costs and reasonable attorney's fees incurred by
17 Counterclaimant herein;

18       D.    That Counterclaimant be awarded its costs and attorneys' fees under
19 17 U.S.C. 505; and

20       E.    Such other and further relief as the Court may deem appropriate.

21 DATED: May 23, 2018                BUCHALTER
                                          A Professional Corporation

                                          By:    /s/ Matthew L. Seror
                                                  WILLMORE F. HOLBROW III
                                                  MATTHEW L. SEROR
                                                  Attorneys for Defendant/Counterclaimant
                                                  TARGET CORPORATION,
                                                  a Minnesota corporation

## DEMAND FOR TRIAL BY JURY

Counterclaimant hereby demands a trial by jury on all counterclaims and issues so triable.

DATED: May 23, 2018

BUCHALTER
A Professional Corporation

By: _/s/ Matthew L. Seror_
WILLMORE F. HOLBROW III
MATTHEW L. SEROR
Attorneys for Defendant/Counterclaimant
TARGET CORPORATION,
a Minnesota corporation