Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett, Esq. (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes, Esq. (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION; *et al*.,<br><br>Defendants. | Case No.: 18-CV-02625-JAK-AS<br><u>Hon. John A. Kronstadt Presiding</u><br><br>**PLAINTIFF'S ANSWER TO DEFENDANT TARGET CORPORATION'S COUNTERCLAIM**<br><br><u>Jury Trial Demanded</u> |

Plaintiff Wongab Corporation ("Wongab" or "Plaintiff"), hereby answers the Counterclaim (Dkt. No. 15) of Defendant Target Corporation ("Target" or "Defendant"), as follows: Except as hereinafter expressly admitted, qualified or otherwise answered, Wongab denies each and every allegation and assertion made in the Counterclaim.

1
ANSWER TO COUNTERCLAIM

The Paragraphs that follow align to the numbered paragraphs of Target's Counterclaim:

## COUNTERCLAIM

1. Plaintiff admits the allegations in Paragraph 1.
2. Plaintiff admits the allegations in Paragraph 2.
3. Plaintiff admits the allegations in Paragraph 3.
4. Plaintiff denies the allegations in Paragraph 4.
5. Plaintiff admits that Paragraph 5 accurately states the relief Target seeks, but denies that Target is entitled to any such relief.
6. Plaintiff admits that Paragraph 6 accurately states the relief Target seeks, but denies that Target is entitled to any such relief.
7. Plaintiff admits that it could, with approval of the Court, dismiss this action, but denies all other allegations in Paragraph 7.
8. Plaintiff denies the allegations in Paragraph 8.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that he bears any burden of proof as to any of them or their respective elements, Plaintiff asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

1. Defendant's Counterclaim, and each purported claim for relief contained therein, fails to state any claim upon which relief may be granted. Plaintiff alleges that he is not liable for any claim alleged herein, that Defendant has sustained no loss or damages as a result of Plaintiff's alleged conduct, and that Plaintiff is not liable for any claim alleged by Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Acted in Good Faith)

2. Plaintiff alleges that at all times relevant herein, it acted in good faith and had no reason to believe in the existence of facts as alleged and complained of in the Counterclaim.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, and Acquiescence)

3. Defendant's claims are all barred by the doctrines of waiver, estoppel, and acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4. Defendant's claims are all barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

5. Defendant's claims are all barred because Defendant has no standing to assert any claim or cause of action, herein, as Defendant is not legal or beneficial owner of any intellectual property rights asserted in this action.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

6. The remedies sought by the claims for relief are limited or precluded by Defendant's failure to mitigate its losses.

## SEVENTH AFFIRMATIVE DEFENSE

### (Contributory/Comparative Negligence and Assumption of Risk)

7. Defendant's injuries were caused by its own contributory/comparative negligence and/or assumption of the risk.

## EIGHTH AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

8. Defendant is not entitled to any recovery against Plaintiff because any harm incurred by Defendant was the result of conduct by third parties for whom Plaintiff was not responsible.

## NINTH AFFIRMATIVE DEFENSE

### (Acts and Omissions)

9. Defendant is not entitled to any recovery against Plaintiff because Defendant assumed all risks and/or caused or contributed to the alleged injuries or damages by its own negligent, intentional, willful, or bad faith acts and omissions.

## TENTH AFFIRMATIVE DEFENSE

### (Consent)

10. Defendant's claims are all barred because Defendant or its alleged successors in interest expressly or impliedly consented to Plaintiff's actions.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Ratification)

11. Defendant's claims are all barred by the doctrines of acquiescence and/or ratification as a result of the acts or omissions of Defendant or others that are attributable to Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Wrongful Act)

12. Defendant's claims are all barred because Plaintiff has not engaged in any unlawful, unfair, or inequitable business practices; rather its conduct was at all times proper, justified, privileged, and performed in the exercise of absolute rights granted to it by the laws and institutions of the United States and Korean governments.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Attorneys' Fees Improper)

13. Plaintiff alleges that Defendant fails to state facts sufficient to permit recovery of attorneys' fees.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

14. Defendant has not suffered any irreparable harm and injunctive relief is unwarranted.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Lack of Injury or Damages)

15. Plaintiff alleges that Defendant has sustained no loss or damages as a result of Plaintiff's alleged conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Laches and Statute of Limitations)

16. Defendant's claims are barred by the doctrine of laches and/or by the applicable statute of limitations.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

17. Defendant is barred from recovery in whole or in part because it would be unjustly enriched if it is permitted to recover on its claims.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Name Necessary Parties)

18. Defendant is barred from recovery in whole or in part because Defendant failed to name parties necessary for a full and complete adjudication of its claims, including as required under Fed. R. Civ. P. 19.

## **NINETEENTH AFFIRMATIVE DEFENSE**

### **(Additional Defenses)**

19. Plaintiff expressly reserves all rights to amend this answer to assert additional affirmative defenses as may become appropriate as discovery and factual and legal research are conducted.

### **PRAYER**:

WHEREFORE, Plaintiff prays that Defendant's claims be denied, that judgment be entered in favor of Plaintiff, that Defendant take nothing, and that Plaintiff be awarded its costs and attorneys' fees, as well as any further relief that is sought in Plaintiff's complaint and/or the Court may deem just and proper.

A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: June 13, 2018      By:    */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Justin M. Gomes, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff