WILLMORE F. HOLBROW III (SBN: 16988)
    wholbrow@buchalter.com
MATTHEW L. SEROR (SBN: 235043)
    mseror@buchalter.com
BUCHALTER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017
T: 213.891.0700
F: 213.896.0400

Attorneys for Defendant
TARGET CORPORATION, a Minnesota corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION, a Korean corporation, <br><br> Plaintiff, <br><br> vs. <br><br> TARGET CORPORATION, a Minnesota corporation; and DOES 1-10, <br><br> Defendants. | Case No. 2:18-cv-02625-JAK-AS <br> Hon. John A. Kronstadt Presiding <br><br> **DEFENDANT TARGET CORPORATION'S OPENING MEMORANDUM RE: CLAIM CONSTRUCTION** |

## I.      INTRODUCTION

Pursuant to Standing Patent Rule 3.5, Defendant Target Corporation ("Defendant") hereby submits its opening claim construction brief. The parties met and conferred regarding the various claim terms at issue and were able to successfully narrow the number of terms in dispute.  There were a few terms used in some of the dependent claims (Claim 5-8), however, which Defendant contends fail to satisfy the requirements of 35 U.S.C. 112, discussed below.  Finally, out of the utmost of caution, Defendant's bring to the Court's attention an issue relating to the enforceability of the claim as opposed to involving the meaning of a specific claim term.

## II.      The Patent at Issue: U.S. Patent No. 8,448,476

U.S. Patent No. 8,448,476 (the '476 Patent) is titled Warp Knitting Fabrics Having Ground Organization Expressing Various Design Patterns.  As noted in the '476 Patent's abstract, the fabrics are made of (i) a ground organization formed with warps knitted into a loop shape and (ii) a pattern organization knitted on the ground organization, wherein the ground organization consists of different sections, patterns and designs of loops.

## III.     Construction of Claim Terms Agreed To By The Parties

After significant discussions, the parties were able to agree to the constructions of the terms identified below. See Joint Claim Construction and Prehearing Statement (Dkt. 32).   For the more involved constructions, the parties have included a reference to the specification of the '476 Patent.  For constructions that are more straight-forward, the parties have not included such a reference.

| Claim(s) | Term or Phrase | Agreed Construed Meaning | Specification Support |
|---|---|---|---|
| 1, 2, 3, 4, 5, 6, 7, 8 | "Warp knitting fabrics" | Cloth material created by interlacing a plurality of yarns arranged in parallel with one another into loops and sequentially connecting the loops in a lengthwise direction of the material. | 1:25-28 |
| 1, 5, 6, 7 | "ground organization" | The underlying material. | |
| 1 | "warps" | Longitudinal running yarns (threads) in a fabric. | 1:25-28 |
| 1 | "knitted" | Interlacing of at least two yarns into a pattern or stitch. | |
| 1, 4 | "loop shape" | The form of the space defined by the yarns once interlaced. | 2:29-52; 4:62-5:4; 5:58-63; 7:3-21; Fig. 21 |
| 1 | "pattern organization" | A design or shape of yarns other than the "ground organization." | 1:45-48, 3:8-12, 7:10-29, Fig. 21. |
| 1 | "knitted on the ground organization" | Interlacing of the pattern organization yarns with the ground organization yarns. | 7:22-29 |
| 1, 5, 6, 7 | "unit designs" | Design constituting one cycle of unit organizations in the knitting direction (longitudinal direction). | 4:10-12 |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

| 1 | "continuously arranged" | In an uninterrupted sequence. | |
| 1, 5, 6, 7 | "transverse direction" | In the non-knitting direction (side to side). | 4:10-12 |
| 1, 2, 3, 5, 6, 8 | "unit organizations" | A ground organization having a network structure of a certain shape, formed by a plurality of unit chains assembled so that chain number groups are consecutively repeated. | 4:6-9 |
| 1, 2, 8 | "longitudinal direction" | In the knitting direction (up and down). | 4:10-12 |
| 1 | "specific loop shape" | A particular geometric shape of knitted yarns. | 5:1-4 |
| 1, 4 | "network structure" | The configuration of unit organizations with one another. | 3:3-7 |
| 1, 3 | "chain of a specific chain number group" | A group composed of a plurality of numbers obtained by consecutively arranging chain numbers of unit chains. | 4:3-6 |
| 1, 3 | "array of plurality of chain numbers" | A set of numbers associated with sections of a chain that indicate the movement of needles for that section of chain | 5:5-20 |
| 1 | "each of the unit | Every one of the unit | |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

| | | organizations" | organizations. | |
|---|---|---|---|---|
| 1 | "has a different loop shape" | | Has a different geometric shape of knitted yarns. | |
| 1 | "from each other" | | Other unit organizations apart from the one referred to. | |
| 2 | "consecutively knitting" | | An uninterrupted knitting sequence. | |
| 2 | "a plurality of loops" | | At least two loops. | |
| 2 | "having the same shape" | | Having the same geometric shape. | |
| 3 | "two ground guidebars" | | Two different bars used to control the yarn knitted into ground organization. | 4:14-42 |
| 3 | "linked with the chain" | | Coupled with a single chain. | 5:5-20 |
| 3 | "of the specific chain number group" | | A group composed of a plurality of numbers obtained by consecutively arranging chain numbers of unit chains. | 4:3-6 |

## IV.  UNABLE TO CONSTRUE CERTAIN TERMS – 35 U.S.C. 112

Dependent claims 5-8 fail to meet the statutory requirements.  That being said, it is Defendant's position that it is not necessary to construe these claims because (i) if the prior art renders claims 1-4 invalid, claims 5-8 will be invalid as well and (ii) if the accused product does not infringe independent claim 1, it cannot infringe claims 5-8.  As Plaintiff does not concur with the above, we will address the issues relating to these claims below.

### A.  All Patent Claims Must Meet Statutory Requirements to Be Valid

1   United States Patent No. 8,448,476 ("the '476 patent"), just like all other

2   issued United States Patents, is statutorily required to "conclude with one or more

3   claims particularly pointing out and distinctly claiming the subject matter which the

4   applicant regards as his invention."  [The '876 patent was filed prior to March 16,

5   2013, the enactment date of the America Invents Act ("AIA").The quoted section is

6   from pre-AIA 35 U.S.C. § 112, second paragraph.]

7   Some of these statutory requirements are that the claims are novel [Pre-AIA

8   35 U.S.C. § 102.], non-obvious [Pre-AIA 35 U.S.C. § 103.], supported by the

9   specification [Pre-AIA 35 U.S.C. § 112, first paragraph.], and definite. [Pre-AIA 35

10  U.S.C. § 112, second paragraph.]

11  Claims 5 through 8 of the '476 patent are both not supported by the

12  specification, and indefinite.  Therefore, claims 5 through 8 of the '476 patent are

13  invalid as failing to meet the statutory requirements for patents.

14  **B.    The Claims Are Not Supported By the Specification**

15  A patent is invalid for indefiniteness if its claims, read in light of the patent's

16  specification and prosecution history, fail to inform, with reasonable certainty,

17  those skilled in the art about the scope of the invention. *Nautilus, Inc. v. Biosig*

18  *Instruments, Inc*., 134 S. Ct. 2120 (2014).  The first paragraph of section 112 of the

19  Patent Act, 35 U.S.C. § 112, states that the specification shall contain a written

20  description of the invention, and of the manner and process of making and using it,

21  in such full, clear, concise, and exact terms as to enable any person skilled in the art

22  to which it pertains . . . to make and use the same. [Pre-AIA 35 U.S.C. § 112, first

23  paragraph, as cited in *Phillips v. AWH Corp*., 415 F.3d 1303 (Fed. Cir. 2005).]

24  The first paragraph of section 112 of the Patent Act requires that the

25  specification describe the invention set forth in the claims. The relationship

26  between the specification and the claims is, at the core, the issue at bar in a

27  *Markman* Hearing. *Markman v. Westview Instruments. Inc*., 52 F.3d 967, 979-81

28  (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).  This relationship has been

clarified several times in cases decided since *Markman.* See, e.g., *Vitronics Corp. v. Conceptronic, Inc*., 90 F.3d 1576 (Fed. Cir. 1996), *Innova/Pure Water, Inc. v. Safari Water Filtration Systems, Inc*., 381 F.3d 1111 (Fed. Cir. 2004), but the bedrock principle of patent law remains the same: "the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Id*. at 1115.

The ordinary and customary meaning of a claim term is the meaning that the term would have to a person of ordinary skill in the art in question as of the effective filing date of the patent application. *Home Diagnostics, Inc. v. Lifescan, Inc*., 381 F.3d 1352, 1358 (Fed. Cir. 2004).  Although some claim terms may be interpreted "through the viewing glass of a person skilled in the art," *Ferguson Beauregard/Logic Controls v. Mega Svs. LLC*, 350 F.3d 1327. 1338 (Fed. Cir. 2003), the use of other terms are readily apparent and involve little more than the application of the widely accepted meaning of commonly understood words. *Brown v. 3M*, 265 F.3d 1349, 1352 (Fed Cir. 2001).

So long as the sources used to construe the meaning of the claims do not contradict meanings that are unambiguous in light of the intrinsic evidence, the Court is not barred from any particular sources *Vitronics Corp. v. Conceptronic, Inc*., 90 F.3d 1576 (Fed. Cir. 1996), other than inventor testimony when assessing validity under 35 U.S.C. § 112, second paragraph. *Solomon v. Kimberly-Clark Corp*., 216 F.3d 1372, 1379 (Fed. Cir. 2000).

The patentee must define *precisely* what his invention is: "[I]t is unjust to the public, as well as an evasion of the law, to construe [the claims] in a manner different from the plain import of its terms." *White v. Dun*bar, 119 U.S. 47, 52 (1886).

## C.  Relevant Portions of the Claims and Specification

### 1.    Claims

Claim 1:

Warp knitting fabrics, comprising:

1  a ground organization formed with warps knitted into a loop shape; and

2  a pattern organization knitted on the ground organization,

3      wherein the ground organization includes **two or more unit designs**

4  continuously arranged in a transverse direction of the ground organization,

5      **each of the unit designs** comprises **two or more unit organizations**

6  arranged in a longitudinal direction of the ground organization, each of the unit

7  organizations comprising a specific loop shape of **a network structure** formed by a

8  chain of a specific chain number group comprising an array of a plurality of chain

9  numbers, and

10      each of the unit organizations has a different loop shape of **a network**

11  **structure** from each other.

12  5. The warp knitting fabrics according to claim 1, wherein the ground organization

13  comprises at least **two-row unit designs, and the unit organizations of any one**

14  **unit design are arrayed in zigzag with the unit organizations of another unit**

15  **design in the transverse direction.**

16  6. The warp knitting fabrics according to claim 1, wherein the ground organization

17  comprises at least **two-row unit designs, and the unit organizations of any one**

18  **unit design are arrayed in parallel with unit the organizations of another unit**

19  **design in the transverse direction.**

20  7. The warp knitting fabrics according to claim 1, wherein the ground organization

21  comprises at **least two-row unit designs, and the width of any one unit design is**

22  **wider than that of another unit design adjacent to the one unit design in the**

23  **transverse direction.**

24  8. The warp knitting fabrics according to claim 1, **wherein the length of one unit**

25  **organization is longer than that of another unit organization adjacent to the**

26  **one unit organization** in the longitudinal direction.

27      **2.**      **Specification**

28      Referring to FIG. 12, the unit designs are arrayed in **two rows** in the ground

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

organization, and are arrayed in parallel in the transverse direction of the unit organization. Referring to FIG. 13, the unit organizations are arrayed in zigzag in the transverse direction in the ground organization. Referring to FIG. 14, the unit organizations are irregularly arrayed in the ground organization. Referring to FIG. 15, the unit designs are arrayed in **two rows** in the ground organization, and the first and second unit designs have the unit organizations of different network structures from each other.

Referring to FIG. 16, the unit designs are arrayed in **two rows**, and the unit organizations are arrayed in parallel in the transverse direction. The width of the first unit design is formed different from that of the second unit design.

Referring to FIG. 17, the unit designs are arrayed in **two rows**, and the unit organizations are arrayed in zigzag in the transverse direction. The width of the first unit design is formed different from that of the second unit design.

**D.     The term "Two-Row" in Claims 5, 6 and 7 is Indefinite**

35 U.S.C. §112, second paragraph requires that a patent's claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty. *White v. Dun*bar, 119 U.S. 47, 52 (1886).  Claims 5 through 7 fail this requirement:

5. The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the unit organizations of any one unit design are arrayed in zigzag with the unit organizations of another unit design in the transverse direction.  Claims 6 and 7 employ similar usages of the term "two-row."

Claim 5 depends on claim 1.  The term "two-row" is not listed in claim 1.  As discussed with respect to indefinite article "a," the first reference in a claim shall be preceded by an indefinite article.  No indefinite article is present immediately preceding "two-row."

Further, the term "two-row" is only used in the specification in three

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

locations: Col. 2, line 53, Col. 2, line 57, and Col. 2, line 61.  These recitations are virtual copies of claims 5 through 7 in the specification.

Again, the applicant is allowed, and statutorily required, to draft the claim language to particularly define what they wish to obtain protection for. [*Nautilus, Inc. v. Biosig Instruments, Inc*., 134 S. Ct. 2120 (2014).]  It is not up to the court to save the applicant, or their chosen counsel, for errors in defining that for which protection is sought; it is the court's duty to interpret the claim terms in light of the specification and other evidence. *Markman v. Westview Instruments. Inc*., 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).  There simply is no evidence, in the specification or otherwise, to define the term "two-row."

Although applicant may point to the use of "two rows" in the specification as recited in Col. 6, line 46, Col. 6, lines 49-50, and Col. 6, lines 53-54, such reliance is misplaced when claim 5 is read, as required, in conjunction with claim 1: "…wherein the ground organization includes two or more unit designs arranged in a transverse direction…." [See '476, claim 1, lines 5-6.]  All of the claims of the '476 patent [Claim 1 is the only independent claim; thus, all claims include the limitations of claim 1.] already require at least two rows of unit designs.  Thus, the inclusion of "two-row" (or "two row") is indefinite.

Although absolute precision in claim language is "unattainable," [*Nautilus, Inc. v. Biosig Instruments, Inc*., 134 S. Ct. 2120 (2014).], the Supreme Court has mandated that "reasonable" certainty is required. [*Ibid*.]  A patent claim must be precise enough to afford clear notice of what is being protected, [*Markman v. Westview Instruments. Inc*., 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996)] and must be done so in a manner that avoids a zone of uncertainty which enterprise and experimentation may enter only at the risk of infringement. [*United Carbon Co. v. Binney & Smith Co.,* 317 U.S. 228 (1942).]

The term "two-row" is not defined in any part of the specification; even a commonly used definition for the term is nonsensical when read in the context of

the '476 claims.  As such, claims 5 through 7 of the '476 patent are invalid for failing to meet the statutory requirements of 35 U.S.C. § 112, second paragraph.

### E.      Claim 6 Is Not Supported, Indefinite, or Both

The court may correct the claim language as drafted if, and only if, there is an obvious and correctable error in the claim, the construction of which is not subject to reasonable debate. *United Carbon Co. v. Binney & Smith Co.,* 317 U.S. 228 (1942).  In a *Markman* hearing, the court must interpret the claims as drafted in light of the specification, taking into account any common usage of the terminology. *Markman v. Westview Instruments. Inc*., 52 F.3d 967 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).

Claim 6 reads as follows: The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the unit organizations of any one unit design are arrayed in parallel **with unit the organizations of another unit design** in the transverse direction. (Emphasis added).

The term "unit the organizations of another unit design" may be an "obvious and correctable error," [*CBT Flint Partners, LLC v. Return Path, Inc*., 654 F.3d 1353 (Fed. Cir. 2011)] and if not corrected, is indefinite under 35 U.S.C. § 112 as lacking antecedent basis in either claim 1 or claim 6.  Should the court decide to correct this term to read "the unit organizations of another unit design," then the court would create a corrected claim that is reasonably subject to multiple meanings, rendering it also deficient under 35 U.S.C. 112, second paragraph, or both.

"The unit organizations of another unit design" has no proper antecedent basis in either claim 1 or claim 6.  It is unclear if "the unit organizations of another unit design" refers to "two or more unit organizations arranged in a longitudinal direction", "each of the unit organizations," or both.  Depending on which one or both of these terms, or neither term, none of which correspond with the corrected

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

"the unit organizations of another unit design," the scope of the claim as corrected would be dramatically different.  Such a correction cannot meet the "obvious and correctable error" standard set in *CBT Flint Designs*, as the construction of the claims would be dramatically different.  The claim as drafted, or even as corrected, does not and cannot provide reasonable certainty as to the meaning of this claim term. [*Nautilus, Inc. v. Biosig Instruments, Inc*., 134 S. Ct. 2120 (2014).]  Thus, claim 6 fails the statutory requirements of 35 U.S.C. § 112, second paragraph.

### F.    Claims 7 and 8 Are Indefinite

"When I use a word, it means just what I choose it to mean—neither more nor less." [Lewis Carroll (Charles L. Dodgson), *Through the Looking-Glass*, chapter 6, p. 205 (1934).]  "The question is whether you can make words mean so many different things." [*Ibid*.] The Supreme Court has banned the "amenable to construction" or "insolubly ambiguous" formulations, and has eliminated the temptations toward vagueness by requiring reasonable precision under 35 U.S.C. §112. [*Nautilus, Inc. v. Biosig Instruments, Inc*., 134 S. Ct. 2120 (2014).]

The patent drafter, not the court, is in the best position to resolve the ambiguity in patent claims. *Halliburton Energy Servs., Inc. v. M–I LLC*, 514 F. 3d 1244, 1255 (CA Fed. 2008). See also *Hormone Research Foundation, Inc. v. Genentech, Inc.*, 904 F. 2d 1558, 1563 (CA Fed. 1990).  As such, the patent drafter should remedy possible inconsistencies in claim language during prosecution, rather than relying on the court to rescue the applicant from easily repairable grammar and/or references in patent claims.

Claim 7. The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the width of any one unit design is wider than **that** of another unit design adjacent to the one unit design in the transverse direction. (Emphasis added).

8. The warp knitting fabrics according to claim 1, wherein the length of one unit organization is longer than **that** of another unit organization adjacent to the one

1     unit organization in the longitudinal direction. (Emphasis added).

2          In this case, the patent drafter wants the court to rescue them from their

3     laziness; instead of writing the clear, definite "a width of another unit design" in

4     claim 7 and "a length of another unit organization" in claim 8, the patent drafter

5     chooses to confusingly employ a pronoun: "that."

6          As the Supreme Court stated, "possibility" of interpretation is not the

7     standard that the court may apply. [*Nautilus, Inc. v. Biosig Instruments, Inc*., 134 S.

8     Ct. 2120 (2014).]  Further, the court cannot use the applicant's testimony as to the

9     definiteness of the term "that" in claims 7 and 8. *Solomon v. Kimberly-Clark Corp*.,

10    216 F.3d 1372, 1379 (Fed. Cir. 2000).  The court should refuse to reward such

11    lackadaisical drafting techniques by allowing the applicant to redefine "that" to

12    mean "width" in one claim and "length" in another, because "that" should not have

13    so many different meanings.

14    **V.     Claim 1 Is Not Supported, Indefinite, or Both**

15          Claim 1 reads in pertinent part:  "warp knitted fabrics that comprise a ground

16    organization with two or more unit organizations, where each unit organization

17    comprises a specific loop shape of **a network structure**, and each of the unit

18    organizations has a different loop shape of **a network structure** from each other."

19    [See '476, claim 1, lines 11-15.]  (Emphasis added).

20          In patent claim parlance, the first use of a noun in a claim is preceded by the

21    indefinite article "a" or "an" to indicate such first usage; any subsequent references

22    to the same noun in the claim, or any dependent claim, is preceded by definite

23    articles "the" or "said."  The recitation of "a network structure" in claim 1, line 11

24    indicates, the first usage of the claim element "network structure".  The applicant

25    again uses the indefinite article "a" to refer to "network structure" in claim 1, line

26    15.  Thus, by the common understanding of claim language drafted by the plaintiff,

27    "a network structure" in line 15 must refer to "a network structure" different than

28    that mentioned in line 11.

1    Because the network structures listed in claim 1 must be different from each

2  other, there must be two different network structures shown in the specification to

3  support such an interpretation for the claim to comport with 35 U.S.C. § 112, first

4  paragraph.  Nowhere in the specification does the applicant describe two network

5  structures.

6    Regardless of the intrinsic and extrinsic evidence relied upon, applicant is

7  unable to provide support for '476 claim 1 under 35 U.S.C. § 112, first paragraph,

8  nor can applicant provide support for '476 claim 1 under 35 U.S.C. § 112, second

9  paragraph, for at least the reasons discussed herein, rendering claim 1 statutorily

10  unenforceable.

11    **VI.    CONCLUSION**

12    Defendant respectfully asks the Court to construe the claims in accordance

13  with the above.

14

15  DATED:  October 17, 2018          BUCHALTER
                                     A Professional Corporation
16

17

18                                   By:  /s/Willmore F. Holbrow III
                                         WILLMORE F. HOLBROW III
19                                       MATTHEW L. SEROR
                                         Attorneys for Defendants
20                                       TARGET CORPORATION, a
                                         Minnesota corporation
21

22

23

24

25

26

27

28