WILLMORE F. HOLBROW III (SBN: 169688)
wholbrow@buchalter.com
MATTHEW L. SEROR (SBN: 235043)
mseror@buchalter.com
BUCHALTER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017
T: 213.891.0700
F: 213.896.0400

Attorneys for Defendant
TARGET CORPORATION, a Minnesota corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WONGAB CORPORATION, a Korean corporation, <br><br> Plaintiff, <br><br> vs. <br><br> TARGET CORPORATION, a Minnesota corporation; and DOES 1-10, <br><br> Defendants. | Case No. 2:18-cv-02625-JAK-AS <br> *Hon. John A. Kronstadt Presiding* <br><br> **TARGET CORPORATION'S RESPONSIVE CLAIM CONSTRUCTION BRIEF** <br><br> Hearing Date: November 19, 2018 <br> Time: 10:30 a.m. <br> Courtroom: 10B – 1st Street |

*TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:*

PLEASE TAKE NOTICE THAT Defendant, Target Corporation, hereby submits its Responsive Claim Construction Brief regarding terms used in Claims of Patent No. 8,448,476 ("'476 Patent").

## I.  Introduction

As the parties essentially agree on the construction of most of the claim terms, the focus here is limited to (i) the invalidity of Claims 5-8 based on 35 U.S.C. 112 and (ii) the impact of the duplicative use of "a network organization" in Claim 1.  As it appears that these claim terms are not critical to a determination of infringement in this case, the Court may choose to defer its analysis, until after summary judgment motions are filed and ruled on.

## II.  Terms in Claims 5-8 Are Invalid (35 U.S.C. 112)

Claims 5 through 8 of the '476 patent are not supported by the specification and indefinite.  Defendant provided ample evidence and support for its position in its Opening Memorandum, which is incorporated by reference herein and need not be repeated.  (Dkt. 34, pp. 9-13).  Plaintiff lumps all the terms in dispute together and states that the issue is resolved by assigning the terms their plain and ordinary meaning. (Dkt. 33, p. 8-9).  For the reasons covered in Plaintiff's Opening Memorandum, relying on the "plain and ordinary meaning" cannot save these terms. Accordingly, claims 5 through 8 of the '476 patent are invalid as failing to satisfy statutory requirements.  35 U.S.C. 112. [Additionally, Defendant questions the need to construe these terms as dependent claims 5-8 will rise or fall with claim 1 in terms of infringement and validity.]

## III.  Duplicative Use of "a network structure" Renders Claim 1 Indefinite

An axiom of claim construction is that "patent claims are to be construed, if possible, as to sustain their validity." *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 1985), citing *Rhine v. Casio, Inc.*, 183 F.3d 1342 (Fed. Cir. 1999). This maxim of claim construction has been in place, essentially verbatim, for over 150 years.

*Turrill v. Michigan Southern Northern Indiana Railroad*, 68 U.S. (1 Wall.) 491 (1863).

This axiom has its limits however, as judicial rewriting of claims to preserve the claim's validity is forbidden. See *Becton Dickinson Co. v. C.R. Bard, Inc.*, 922 F.2d 792 (Fed. Cir. 1990). Therefore, if the only claim construction consistent with the claim's language and the written description renders the claim invalid, the axiom does not save the claim- it is simply invalid. *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 1985).

Claim terms also must be interpreted consistently throughout claims. *Southwall Tech., Inc. v. Cardinal IG Co.*, 54 F.3d 1570 (Fed. Cir. 1995), *cert. denied*, 516 U.S. 987 (1995); *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111 (Fed. Cir. 2004).

If applicant intended to convey that the first use of "a network structure" referred to the same structure as the second use of "a network structure", it should have stated "the" or "said" network structure, instead of "a" network structure. Plaintiff cannot argue that it was unaware that using "the" or "said" was necessary to create a nexus between the two recitations, because in the very same claim, applicant recites "**a ground organization**…a pattern organization knitted on **the ground organization**…." If it wanted to do so in connection with "network organization" it could and should have - but it did not.

Instead, in claim 1 of the '476 patent, applicant used the term "a network structure" twice. In doing so, even giving the applicant the benefit of the doubt, it either meant: 1) that both recitations referred to the same "network structure; or 2) that both recitations referred to a different "network structure". The fact that there are two possibilities, in and of itself, renders the claim indefinite pursuant to 35 U.S.C. § 112 second paragraph. Additionally, Claim 1 cannot be construed such that both of the recitations of "a network structure" refer to the same network structure, as that construction would render the claim indefinite under 35 U.S.C. §

112, second paragraph.  Similarly, Claim 1 cannot be construed such that the two recitations refer to a different network structure because that is not recited in the claim nor supported by the specification.  35 U.S.C. § 112 (1) and (2).  Additionally, for the court to construe the first recitation of "a network structure" as meaning anything different than the second recitation of "a network structure" in claim 1 would result in an inconsistent construction of claim terms, as prohibited by *Southwall Tech* above.  As Claim 1 is therefore invalid, all the remaining dependent claims (2-8) are also invalid.

### IV.   Conclusion

For the reasons discussed above, all claims in the '476 are invalid, pursuant to 35 U.S.C. 112.

DATED:  October 29, 2018          BUCHALTER
                                  A Professional Corporation

                                  By:  /s/Willmore F. Holbrow III
                                       WILLMORE F. HOLBROW III
                                       MATTHEW L. SEROR
                                       Attorneys for Defendant
                                       TARGET CORPORATION