UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

Present: The Honorable    JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:    (IN CHAMBERS) MARKMAN ORDER**

I.    **Introduction**

Wongab Corporation ("Plaintiff") alleges that Target Corporation ("Defendant") has infringed U.S. Patent No. 8,448,476 ("the '476 Patent"). Complaint, Dkt. 1. The parties filed their Joint Claim Construction and Prehearing Statement on October 11, 2018. Dkt. 32. The parties filed their opening claim construction briefs on October 17, 2018, and responsive briefs on October 29. 2018. Dkts. 33, 34, 35, 38.

A hearing was held on December 10, 2018. At the hearing, a tentative ruling was provided to the parties. Dkt. 41 (Minutes of Markman Hearing). The parties raised one issue at the hearing with respect to the construction of the term "ground organization" and were directed to confer in an attempt to reach an agreement as to a revised proposed construction for that term. The parties otherwise stated that they did not intend to submit further argument regarding the issues addressed in the tentative ruling. The parties subsequently filed a joint report in which they provided a proposed, stipulated construction for the term "ground organization." Dkt. 42. In light of that agreement, the disputed claim terms are construed in this Order.

II.    **Factual Background**

The '476 Patent, which is titled "Warp Knitting Fabrics Having Ground Organization Expressing Various Design Patterns," was issued on May 28, 2013. Warp knitting fabrics are those that "have a shape and dimension easily changed in the lateral and longitudinal directions and excellent elasticity and flexibility." '476 Patent at 1:29–32. Warp knitting fabrics are defined by the knitted structure of the fabric, and not necessarily the material of the yarn that is used. *Id*. at 1:25–35.

The '476 Patent describes the warp fabric as one with two layers, *i.e.* "organizations": (1) "a pattern organization" that is (2) "knitted on the ground organization." *Id*. at 2:31–32. The pattern organization, or the top layer of the warp knitting fabric, is discussed very briefly in the specification because the '476 Patent focuses primarily on the ground organization. *Id*. at 1:17–21 ("The present invention relates to warp knitting fabrics having a ground organization and a pattern organization formed by a Raschel machine . . . and more specifically, to warp knitting fabrics having a ground organization expressing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|----------|--------------------------|------|-------------------|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

various design patterns.").

The "ground organization" is formed from "unit designs." *Id.* at 2:29–45. A "'unit design' refers to one design constituting one cycle by consecutively forming [a] plurality of unit organizations in the knitting direction." *Id.* at 4:10–12. The "unit organizations" are "formed by a plurality of unit chains" or "a plurality of loops having the same shape in the longitudinal direction." *Id.* at 2:43–45, 3:60–4:9. Figure 5 shows "a ground organization having various design patterns" with unit designs **10** and **20**. *Id.* at 3:27–29.



'476 Patent at Figure 5 (annotations added).

Figure 6 shows "an enlarged view showing a portion that becomes one cycle in the ground organization shown in FIG. 5." *Id.* at 3:30–31.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |



'476 Patent at Figure 6 (annotated).

Warp fabrics are traditionally manufactured on two types of machine -- the tricot warp knitting machine, and the Raschel machine. *Id. at* 1:36–44. Although the tricot machine "has high productivity for mass production" the fabrics produced are simple.[1] *Id.* In contrast, the Raschel machine has "low productivity, but is able to produce fabrics having a complicated [pattern] organization." *Id.* Both machines, however, are limited in their ability to produce complicated ground organizations. *Id.* at 1:38–41; 2:2–3.

The '476 specification teaches "remodeling the general Raschel machine," *id.* at 4:18–20, to produce "warp knitting fabrics having a ground organization expressing various design patterns." *Id.* at 1:16–21. With the ability to produce more complex designs in the ground organization, "the ground organization can complement designs of the pattern organization to become more various and high-quality designs." *Id.* at 7:22–26.

The Complaint generally alleges that Defendant infringes the '476 Patent.[2] *See* Dkt. 1 ¶¶ 32-35. The '476

---

[1] The '476 patent reads: "The tricot warp knitting machine has high productivity for mass production, but the organization of fabrics produced by the *Raschel machine* is simple. The Raschel machine has low productivity, but is able to produce fabrics having a complicated organization and thus it is possible to produce fabrics having various designs." '476 Patent at 1:36–44 (emphasis added). There appears to be a typographical error in this passage, which should read "the organization of fabrics produced by the *tricot warp knitting machine* is simple."

[2] Plaintiff fails to state those claims of the '476 Patent that are allegedly infringed by Defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

Patent has eight claims including one independent claim. Independent Claim 1 recites:

> 1.    Warp knitting fabrics, comprising:
> a ground organization formed with warps knitted into a loop shape; and
> a pattern organization knitted on the ground organization,
> wherein the ground organization includes two or more unit designs continuously arranged
> in a transverse direction of the ground organization,
> each of the unit designs comprises two or more unit organizations arranged in a
> longitudinal direction of the ground organization, each of the unit organizations
> comprising a specific loop shape of a network structure formed by a chain of a
> specific chain number group comprising an array of a plurality of chain numbers,
> and
> each of the unit organizations has a different loop shape of a network structure
> from each other.

'476 Patent at Claim 1.

**III.    Analysis**

    A.    Legal Standards

Claim construction is the process of determining the meaning and scope of the patent claims. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996). It is a matter for the court. *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 135 S.Ct. 831, 840–41 (2015).

"[T]he words of a claim are generally given their ordinary and customary meaning," which is "the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005) (internal citations and quotations omitted). "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." *Id.* at 1314. "In such circumstances, general purpose dictionaries may be helpful. In many cases that give rise to litigation, however, determining the ordinary and customary meaning of the claim requires examination of terms that have a particular meaning in a field of art." *Id.*

"Because the meaning of a claim term as understood by persons of skill in the art is often not immediately apparent, and because patentees frequently use terms idiosyncratically, the court looks to 'those sources available to the public that show what a person of skill in the art would have understood disputed claim language to mean.'" *Id.* (quoting *Innova/Pure Water, Inc. v. Safari Water Filtration Sys., Inc.*, 381 F.3d 1111, 1116 (Fed. Cir. 2004)). "Those sources include 'the words of the claims themselves, the remainder of the specification, the prosecution history, and extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art.'" *Id.*

Claim construction "begins and ends" with the words of the claims. *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1248 (Fed. Cir. 1998). "Quite apart from the written description and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|----------|-------------------------|------|-------------------|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

prosecution history, the claims themselves provide substantial guidance as to the meaning of particular claim terms." *Phillips*, 415 F.3d at 1314. "[T]he context in which a term is used in the asserted claim can be highly instructive." *Id*. In addition to the words of the claim(s) being construed, "[o]ther claims of the patent in question, both asserted and unasserted, can also be valuable sources of enlightenment as to the meaning of a claim term. Because claim terms are normally used consistently throughout the patent, the usage of a term in one claim can often illuminate the meaning of the same term in other claims." *Id*. (citations omitted). "Differences among claims can also be a useful guide in understanding the meaning of particular claim terms." *Id*. "For example, the presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim." *Id*. at 1314–15. However, "[c]laim differentiation is a guide, not a rigid rule. If a claim will bear only one interpretation, similarity will have to be tolerated." *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1538 (Fed. Cir. 1991) (quoting *Autogiro Co. of Am. v. United States*, 384 F.2d 391, 404 (Ct. Cl. 1967)).

"[C]laims must be construed so as to be consistent with the specification, of which they are a part." *Merck & Co. v. Teva Pharms. USA, Inc.*, 347 F.3d 1367, 1371 (Fed. Cir. 2003). "[T]he person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification." *Phillips*, 415 F.3d at 1313. "[T]he specification 'is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term.'" *Id*. at 1315 (quoting *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996)).

"[T]he specification may reveal a special definition given to a claim term by the patentee that differs from the meaning it would otherwise possess. In such cases, the inventor's lexicography governs." *Phillips*, 415 F.3d at 1316. "In other cases, the specification may reveal an intentional disclaimer, or disavowal, of claim scope by the inventor. In that instance as well, the inventor has dictated the correct claim scope, and the inventor's intention, as expressed in the specification, is regarded as dispositive." *Id*.

Despite the importance of a specification, limitations of the described embodiments of the invention must not be read into the claims. The Federal Circuit "expressly rejected the contention that if a patent describes only a single embodiment, the claims of the patent must be construed as being limited to that embodiment." *Id*. at 1323. Conversely, "an interpretation [which excludes a preferred embodiment] is rarely, if ever, correct and would require highly persuasive evidentiary support." *Vitronics*, 90 F.3d at 1583.

The prosecution history is also relevant intrinsic evidence. Although "the prosecution history represents an ongoing negotiation between the PTO and the applicant, rather than the final product of that negotiation" and for this reason "often lacks the clarity of the specification," it can nonetheless "often inform the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be." *Phillips*, 415 F.3d at 1317.

"Although [the Federal Circuit has] emphasized the importance of intrinsic evidence in claim construction, [it has] also authorized district courts to rely on extrinsic evidence, which 'consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises.'" *Id*. (quoting *Markman*, 52 F.3d at 980). The use of "technical words or phrases not commonly understood" may give rise to a factual dispute, the determination of which will precede the ultimate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

construction. *Teva*, 135 S.Ct. at 838, 849.

B.    Agreed Claim Construction Terms

The parties agreed upon constructions for the following terms. Dkt. 32 at 2–4.

| Claim Term | Agreed Construction |
|---|---|
| "warp knitting fabrics"<br>(Claims 1–8) | "cloth material created by interlacing a plurality of yarns arranged in parallel with one another into loops and sequentially connecting the loops in a lengthwise direction of the material" |
| "ground organization"<br>(Claims 1, 5–7) | "the underlying material"<br><br>[revised proposal (*see* Dkt. 42):] "the structure of the underlying knitted fabric" |
| "warps"<br>(Claim 1) | "longitudinal running yarns (threads) in a fabric" |
| "knitted"<br>(Claim 1) | "interlacing of at least two yarns into a pattern or stitch" |
| "loop shape"<br>(Claims 1, 4) | "the form of the space defined by the yarns once interlaced" |
| "pattern organization"<br>(Claim 1) | "a design or shape of yarns other than the 'ground organization'" |
| "knitted on the ground organization"<br>(Claim 1) | "interlacing of the pattern organization yarns with the ground organization yarns" |
| "unit designs"<br>(Claims 1, 5–7) | "design constituting one cycle of unit organizations in the knitting direction (longitudinal direction)" |
| "continuously arranged"<br>(Claim 1) | "in an uninterrupted sequence" |
| "transverse direction"<br>(Claims 1, 5–7) | "in the non-knitting direction (side to side)" |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
| --- | --- | --- | --- |
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

| Claim Term | Agreed Construction |
| --- | --- |
| "unit organizations"<br>(Claims 1–3, 5–6, 8) | "a ground organization having a network structure of a certain shape, formed by a plurality of unit chains assembled so that chain number groups are consecutively repeated" |
| "longitudinal direction"<br>(Claims 1–2, 8) | "in the knitting direction (up and down)" |
| "specific loop shape"<br>(Claim 1) | "a particular geometric shape of knitted yarns" |
| "network structure"<br>(Claims 1, 4) | "the configuration of unit organizations with one another" |
| "chain of a specific chain number group"<br>(Claims 1, 3) | "a group composed of a plurality of numbers obtained by consecutively arranging chain numbers of unit chains" |
| "array of plurality of chain numbers"<br>(Claims 1, 3) | "a set of numbers associated with sections of a chain that indicate the movement of needles for that section of chain" |
| "each of the unit organizations"<br>(Claim 1) | "every one of the unit organizations" |
| "has a different loop shape"<br>(Claim 1) | "has a different geometric shape of knitted yarns" |
| "from each other"<br>(Claim 1) | "other unit organizations apart from the one referred to" |
| "consecutively knitting"<br>(Claim 2) | "an uninterrupted knitting sequence" |
| "a plurality of loops"<br>(Claim 2) | "at least two loops" |
| "having the same shape"<br>(Claim 2) | "having the same geometric shape" |
| "two ground guidebars"<br>(Claim 3) | "two different bars used to control the yarn knitted into ground organization" |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | | Date | February 19, 2019 |
| Title | Wongab Corporation. v. Target Corporation, et al. | | | |

| Claim Term | Agreed Construction |
| --- | --- |
| "linked with the chain" (Claim 3) | "coupled with a single chain" |
| "of the specific chain number group" (Claim 3) | "a group composed of a plurality of numbers obtained by consecutively arranging chain numbers of unit chains" |

Although the parties have jointly agreed to constructions of these terms, the constructions proposed for "network structure" and "ground organization" are not consistent with the teaching of the '476 Patent.

Beginning with "network structure", the parties' proposed construction defines "network structure" as "the configuration of unit organizations with one another." The specification, however, discusses the network structure as one that relates to a single unit organization, not a larger configuration of unit organizations. For example, the specification states "*each* of the unit organizations comprising a specific loop shape of a network structure formed by a chain of a specific chain number group . . .", '476 Patent at 2:37–40 (emphasis added), "the unit organizations are knitted in network structures having different shapes from one another," *id.* at 4:59–61, "[t]he loop shape of *the network structure forming the unit organization* may be formed in any one of a quadrangular shape, a diamond shape, a lozenge shape and a hexagonal shape." *Id.* at 5:1–4 (emphasis added).

Based upon the intrinsic evidence, the term "network structure" is construed to mean "the configuration of a unit organization," which includes, but is not limited to, the size, shape and placement of the "unit chains" or individual knits within a single unit organization.

The tentative ruling stated that the parties' agreed construction for the term "ground organization" as "the underlying material" would not assist a fact-finder. It also noted that the specification describes the "ground organization" as "includ[ing] two or more unit designs continuously arranged in a transverse direction . . . ." '476 Patent at 2:32–34. At the hearing, Plaintiff argued that this portion of the specification referred to an example embodiment of a "ground organization," but stated its view that "ground organization" should be understood to have a broader meaning. Plaintiff suggested that "ground organization" means "the configuration of the ground fabric as opposed to the overlaying design." The parties were directed to file a joint report as to whether they could reach a revised agreed proposal regarding the construction of the term "ground organization." As noted, their joint report proposed a revised construction of "[t]he structure of the underlying knitted fabric." Dkt. 42. Although this proposed language would be more helpful to a fact-finder that prior one, *i.e.,* "the underlying material," its value in that regard is limited. Therefore, to provide greater clarity to the meaning of the term, it is construed as "the design or shape of yarns of the underlying knitted fabric, which is located underneath the pattern organization."

Although it is unlikely that all of the constructions to which the parties have agreed will be needed to assist the fact finder in understanding the meaning of particular terms, *e.g.*, "knitted", these agreements are accepted; provided, however, they may be reconstrued by the Court in connection with later proceedings in which their construction may be dispositive as to matters such as invalidity and non-infringement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

C.    Disputed Terms

Although the parties have listed ten terms as "disputed," Defendant has not provided proposed constructions, arguing that "it is not necessary to construe these claims because (i) if the prior art renders claims 1–4 invalid, claims 5–8 will be invalid as well and (ii) if the accused product does not infringe independent claim 1, it cannot infringe claims 5–8." Dkt. 34 at 5. Defendant also argues that Claims 1 and 5–8 are not enabled and/or are indefinite. *Id.* at 9–14. Plaintiff argues that "[e]ach of these terms can and should be read under their plain and ordinary meaning and can be properly construed because one of skill in the art would readily interpret what these patent claims require." Dkt. 33 at 9.

Defendant has combined lack of enablement and indefiniteness in its arguments. *See generally* Dkt. 34. Arguments for lack of enablement are properly brought through dispositive motions, not through the claim construction process. However, issues as to indefiniteness are commonly raised during claim construction, Therefore, they are addressed in the following sections. *See Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d 1325, 1332 (Fed. Cir. 2010) ("If a claim is indefinite, the claim, by definition, cannot be construed.") (citations omitted). Defendant must prove indefiniteness by clear and convincing evidence. *BASF Corp. v. Johnson Matthey Inc.,* 875 F.3d 1360, 1365 (Fed. Cir. 2017) ("the burden of proving indefiniteness [is] by clear and convincing evidence.").

As to indefiniteness, Defendant argues lack of antecedent basis, lack of indefinite articles and duplicative claim terms, typographical errors, and poor draftsmanship of the patent claims. Most of these arguments are based on typographical errors in the '476 Patent. With this in mind, each is addressed.

i.    *Lack of Antecedent Basis*

Defendant argues a lack of antecedent basis for the term "network structure" in Claim 1. Dkt. 34 at 13–14. Claim 1 recites the term "a network structure" twice.

> each of the unit designs comprises two or more unit organizations arranged in a longitudinal direction of the ground organization, each of the unit organizations comprising a specific loop shape of ***a network structure*** formed by a chain of a specific chain number group comprising an array of a plurality of chain numbers, and
> each of the unit organizations has a different loop shape of ***a network structure*** from each other.

'476 Patent at Claim 1 (emphasis added).

Defendant argues that "applicant [ ] uses the indefinite article 'a' to refer to 'network structure' in claim 1 . . .[t]hus, by the common understanding of claim language drafted by the plaintiff, 'a network structure' in line 15 must refer to 'a network structure' different than that mentioned in line 11." Dkt. 34 at 13. Defendant further asserts that "[n]owhere in the specification does the applicant describe two network structures." *Id.* at 14. Plaintiff responds that "[t]he use of 'a network structure' in both instances indicates that the claim language is not limited to loops from any particular network structure . . .[t]he two uses of 'a network structure' in Claim 1 need not refer to two different structures." Dkt. 35 at 5. Plaintiff also argues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

that "Claim 1 would still be viable even if it is deemed to concern two network structures," because "a claim is not limited to the embodiments described in the specification." *Id.* (citations omitted).

As discussed, notwithstanding the parties' agreement to a different definition, the term "network structure" is construed to mean "the configuration of a unit organization," which includes, but is not limited to, the size, shape and placement of the "unit chains" or individual knits within a single unit organization.

Reading the phrase "network structure" in the context of the broader claim phrases "a specific loop shape of a network structure" and "a different loop shape of a network structure" eliminates the antecedent basis problem raised by Defendant. The first term requires a unit organization to have a network structure that includes a specific loop shape, and the second term requires that each unit organization has a network structure that includes a different loop shape from the other unit organizations. Thus, a network structure, *i.e.*, the configuration of a unit organization, is different between each unit organization in that each unit organization has a different loop shape. For example, if the first unit organization has a network structure that includes a quadrangular loop shape, Claim 1 requires that the second (third, fourth, fifth, etc.) unit organization have a network structure that does not include a quadrangular loop shape.

The specification supports this interpretation. Figure 6 shows unit designs **10** and **20** have unit organizations **A1, B1, C1, D1, A2, B2, C2, D2**.



Fig. 6

'476 Patent at Figure 6.

As seen in Figure 6, each unit organization (A1, A2, B1, B2, C1, C2, D1, D2) has a different loop shape and different arrangement of loops -- including different space between loops. As explained, the loop configuration of a particular unit organization is an aspect of the "network structure" for that unit organization. In other words, "each of the unit organizations has a different loop shape of a network structure from each other," consistent with Claim 1 of the '476 Patent.

Reading the term "a network structure" in the context of the intrinsic record shows that there is no antecedent basis infirmity for Claim 1. Defendant has failed to meet its burden in proving that Claim 1 is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

indefinite.

> ii.    *Lack of Indefinite Articles and Duplicative Terms*

Claims 5–7 include variations of the phrase "two-row unit designs."

> 5. The warp knitting fabrics according to claim 1, wherein the ground organization comprises ***at least two-row unit designs***, and the unit organizations of any one unit design are arrayed in ZigZag with the unit organizations of another unit design in the transverse direction.

> 6. The warp knitting fabrics according to claim 1, wherein the ground organization comprises ***at least two-row unit designs***, and the unit organizations of any one unit design are arrayed in parallel with unit the organizations of another unit design in the transverse direction.

> 7. The warp knitting fabrics according to claim 1, wherein the ground organization comprises ***at least two-row unit designs***, and the width of any one unit design is wider than that of another unit design adjacent to the one unit design in the transverse direction.

'476 at Claims 5–7 (emphasis added).

Defendant argues that "[t]he term 'two-row' is not listed in claim 1 . . .[and] [n]o indefinite article is present immediately preceding 'two-row'". Dkt. 34 at 9. Defendant adds that "[a]ll of the claims of the '476 patent already require at least two rows of unit designs," *id.* at 10 (parenthetical omitted), due to Claim 1's requirement that "the ground organization includes two or more unit designs continuously arranged in a transverse direction of the ground organization." '476 Patent at Claim 1. Thus, according to Defendant, "the inclusion of 'two-row' (or 'two row') is indefinite." *Id.* at 10.

Initially, the specification appears to use the phrases "two-row" and "two row" interchangeably. *See* '476 Patent at 2:53–62 ("two-row unit designs"); 6:39–64 ("the unit designs are arrayed in two rows"). With respect to Defendant's argument that the term "two-row" is duplicative, Claim 1 requires "two or more unit designs continuously arranged in a transverse direction of the ground organization," and that "the unit design comprises two or more unit organizations arranged in the longitudinal direction." '476 Patent at Claim 1. The parties jointly agreed to construction of "transverse direction" as "in the non-knitting direction (side to side)," and "longitudinal direction" as "in the knitting direction (up and down)." Dkt. 32 at 2–3. Figure 5 illustrates "the ground organization **1** has two-column unit designs **10** and **20** repeated in the transverse direction, and each of the unit designs **10** and **20** has a plurality of rectangular unit organizations consecutively arranged in the longitudinal direction." '476 Patent at 4:55–59.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

**Fig. 5**



'476 Patent at Figure 5 (annotations added).

Figure 5 shows that the term "two-column" modifies "unit designs" and means that in this embodiment, there are two repeating unit designs each arranged as a column. Thus, in the example of Figure 5, unit designs 10 and 20 each includes unit organizations arranged in a column in the longitudinal direction, and those two unit designs, arranged as columns, are repeated in the transverse direction. Consequently, Figure 5 depicts "two-column unit designs **10** and **20**."

On the other hand, the specification of the '476 Patent describes Figure 20 as showing "the unit designs [ ] arrayed in three rows, and the unit organizations [ ] arrayed in zigzag in the transverse direction." *Id.* at 6:67–7:2.

/ / /

/ / /

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

**Fig. 20**



'476 Patent at Figure 20 (annotations added).

It is not clear why the '476 Patent uses the term "row" to describe the unit designs in Figure 20, but uses the term "[two-]column" to describe the unit designs in Figure 5. Overall, the intrinsic record of the '476 Patent suggests that the terms "row" and "column" are being used in the specification to refer to the same orientation of unit organizations in a unit design relative to the transverse direction. If the terms "row" and "column" were being used in the patent with different meanings, it would require the perspectives of Figures 12-20 to be rotated compared to Figures 1-5. In such an alternative scenario, the transverse direction for Figures 12-20 would go up and down the side of a page rather than side-to-side. Such an interpretation would conflict with the great weight of the evidence in the patent specification.

In describing the "invention," the specification states that "the ground organization includes two or more ***unit designs continuously arranged in a transverse direction*** of the ground organization, each of the unit designs comprising two or more ***unit organizations arranged in a longitudinal direction*** of the ground organization . . ." '476 Patent at 2:33–37 (emphasis added). This language suggests that the patent requires a consistent orientation of (1) unit organizations within unit designs (arranged in the longitudinal direction) and (2) of unit designs to one another (arranged in the transverse direction). Thus, this disclosure in the specification supports the conclusion that the patent is using the phrases "row" and "column" to refer to the same orientation.

Similarly, Figures 16 and 17 show "unit designs arrayed in two rows" with "the width of the first unit design [ ] formed different from that of the second unit design." '476 Patent at 6:49–56. Figure 16 shows the unit organizations arrayed "in parallel" in the transverse direction and Figure 17 shows the unit organizations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

arrayed in "zigzag" in the transverse direction. This can be interpreted as shown in the annotations on Figures 16 and 17, below:



'476 Patent at Figures 16 and 17 (annotations added).

As Figures 16 and 17 illustrate, the "width" of the unit designs (*i.e.*, comparing the width of A4–D4 to the width of A3–D3) varies across the page, consistent with an ordinary understanding of the term "width." If the "transverse direction" were interpreted as moving up and down the page for these figures, viewing the unit organizations from that perspective, the "width" would be the same across the unit organizations. Therefore, these figures also support the conclusion that the "transverse direction" remains side-to-side across the page for these figures. Figures 12, 18, and 19 lead to a similar conclusion, with some variation in their arrangement of unit designs/organizations compared to Figures 16 and 17. '476 Patent at 6:39–41; 6:57–62. Figures 18 and 19 also refer to varying "heights" of certain unit organizations compared to others in a way that is consistent with interpreting the transverse direction as going from side-to-side on the page.

With the understanding that the '476 Patent uses the term "row" to refer to design organizations within a design unit as being arranged in the longitudinal direction, Defendant is correct that Claims 5–7's "two-row" requirement is duplicative. Claim 1 already requires that "each of the unit designs comprises two or more unit organizations arranged in a longitudinal direction of the ground organization." In addition, it requires that there are at least two unit designs, and that they are arranged in the transverse direction. The phrase "two-row" in Claims 5-7 is being used the same as the phrase "two-column" is used in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

describing the unit designs of Figure 5.[3]

Although Defendant asserts that Claims 5–7 are indefinite because the phrase "two-row" is duplicative, Defendant fails to provide sufficient legal authority to support this position. As a matter of claim construction, claim terms in dependent or independent claims may be construed in such a way that leads the two claims to have the same scope. *ERBE Elektromedizin GmbH v. Canady Tech. LLC*, 629 F.3d 1278, 1286 (Fed. Cir. 2010) (after considering the prosecution history for the relevant patent, finding that an independent claim should be construed such that it had the same claim scope as one of its dependent claims). "[S]urplusage may exist in some claims." *Id.* In those circumstances, courts have not reached a *per se* determination of invalidity based on indefiniteness. *See id.* (finding claims not infringed based on narrowed claim construction and not reaching a determination regarding patent invalidity). Moreover, Claims 5–7 each includes other requirements that narrow its scope. Claim 5 requires "the unit organizations of any one unit design are arrayed in ZigZag," Claim 6 requires "the unit organizations of any one unit design are arrayed in parallel," and Claim 7 requires "the width of any one unit design is wider than that of another unit design adjacent." '476 Patent at Claims 5–7. These dependent claims limit the scope of Claim 1 by further specifying the relationship among unit designs that is consistent with the embodiments shown in Figures 16 and 17. For these reasons, Defendant's argument for indefiniteness based on redundancy is rejected.

Defendant's "indefinite article" argument is also unpersuasive. Defendant fails to cite authority requiring that a claimed component must always be preceded by the word "a" or the word "the," particularly where the component is preceded by the word "at least." In the context of Claims 5–7, there is also no problem with antecedent basis for the term "at least two-row unit designs." Claims 5–7 each separately depend from Claim 1 and there is no earlier or later mention of the phrase "at least two-row unit designs" in each relevant claim.

For these reasons, the foregoing invalidity arguments are rejected.

iii.     *Typographical Errors*

The parties dispute whether Claim 6 of the '476 Patent contains a correctable, "obvious error." Defendant argues that even if the error can be corrected, Claim 6 is indefinite. Dkt. 34 at 11. The disputed text in Claim 6 concerns unit organizations:

> 6. The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the unit organizations of any one unit design are arrayed in parallel **with _unit the_ organizations** of another unit design in the transverse direction.

'476 Patent at Claim 6 (emphasis added).

The parties agree that the bolded language in Claim 6 includes a typographical error. The Federal Circuit

---

[3] The '476 Patent's use of both the terms "column" and "row" interchangeably is confusing, particularly because as a matter of orientation, the patent appears to use the term "row" improperly. However, Defendant has not challenged the validity of the '476 Patent on this basis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

has held that "a district court may correct an obvious error in a patent claim." *CBT Flint Partners, LLC v. Return Path, Inc.*, 654 F.3d 1353, 1358 (Fed. Cir. 2011). In determining if an error is obvious, the district court considers if "(1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." *Id.* (citing *Novo Indus., L.P. v. Micro Molds Corp.,* 350 F.3d 1348, 1356–57 (Fed. Cir. 2003)).

Defendant argues that the term "***unit the*** organizations of another unit design" "cannot meet the 'obvious and correctable error' standard set forth in *CBT Flint Designs*, as the construction of the claims would be dramatically different." Dkt. 34 at 12. Defendant provides no alternative interpretation of the disputed text and provides no support for its contention that a correction of this error would materially change the claim scope. *Id.*

Plaintiff argues that "[t]his is an obvious and correctable error" under *CBT Flint.*" Dkt. 35 at 3. It contends that the disputed text "was plainly intended to state, '***the unit*** organization of another unit design.'" *Id.* Plaintiff further argues, "[t]he parties agreed on definitions for 'unit organization' and 'unit designs,' so the only reasonable reading of this phrase combines those terms with the plain meaning of the remaining terms . . . ." *Id.* at 3–4.

Defendant has failed to show the existence of "a reasonable debate" over the interpretation of this error. After reviewing the specification, claims, prosecution history, and the parties' arguments, Claim 6 is found to contain a correctable, obvious error. The words "unit" and "the" simply need to be switched. As corrected, Claim 6 reads as:

> 6. The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the unit organizations of any one unit design are arrayed in parallel ***with the unit organizations*** of another unit design in the transverse direction.

'476 Patent at Claim 6 (corrected with emphasis added).

Defendant next argues that "[s]hould the court decide to correct this term . . . then the court would create a corrected claim that is reasonably subject to multiple meanings, rendering it also deficient under 35 U.S.C. 112, second paragraph . . ." Dkt. 34 at 11. Defendant asserts that "[i]t is unclear if 'the unit organizations of another unit design' refers to 'two or more unit organizations arranged in a longitudinal direction,' 'each of the unit organizations,' or both." *Id.* Defendant's argument appears to be that Claim 6 is ambiguous as to whether or not *all* of the unit organizations of a unit design must be arrayed in parallel with *all* of the unit organizations of another unit design.

The specification discloses an embodiment where two unit designs are arranged so that all their unit organizations are parallel in the transverse direction. Specifically, Figure 12 illustrates "the unit designs are arrayed in two rows in the ground organization, and are arrayed in parallel in the transverse direction of the unit organization." '476 Patent at 6:39–41.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

**Fig. 12**



'476 Patent at Figure 12.

Although this embodiment shows an example where all the unit organizations are parallel, the '476 Patent specification is not limiting. The specification uses broad language, stating, "the unit organizations of any one unit design **may** be arrayed in parallel with the unit organizations of another unit design in the transverse direction." '476 Patent at 2:58–60 (emphasis added). "Generally, a claim is not limited to the embodiments described in the specification unless the patentee has demonstrated a 'clear intention' to limit the claim's scope with 'words or expressions of manifest exclusion or restriction.'" *I4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 843 (Fed. Cir. 2010). Here, there is no clear intent to limit the scope of "arrayed in parallel with the unit organizations of another unit design in the transverse direction" to mean *all of the unit organizations* of a unit design must be parallel to the unit organizations of a second unit design.

Defendant has not sufficiently explained why such a determination would render Claim 6 invalid. Although this interpretation of Claim 6 is broad, this does not necessarily mean that it is indefinite. Thus, Defendant has failed to explain why a person of skill in the art would fail to understand the boundaries of this claim with reasonable certainty. Having found no basis to support Defendant's positions, these invalidity arguments are rejected.

    *iv.*       *Poor Draftsmanship*

Defendant next challenges the word "that" in Claims 7 and 8, and asserts that the claims are indefinite. Dkt. 34 at 12–13. Claims 7 and 8 both use the term "that," referring to "width" in Claim 7 and "length" in Claim 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

7. The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and *the width of any one unit design is wider **than that of** another unit design* adjacent to the one unit design in the transverse direction.

8. The warp knitting fabrics according to claim 1, wherein *the length of one unit organization is longer **than that of** another unit organization* adjacent to the one unit organization in the longitudinal direction.

'476 Patent at Claims 7 and 8 (emphasis added).

Defendant offers no substantive basis for a finding that the claims are indefinite other than asserting that the person who drafted the patent should have used language that was more clear and coherent. Dkt. 34 at 13–14. Defendant requests that the court "refuse to reward such lackadaisical drafting techniques by allowing the applicant to redefine 'that' to mean 'width' in one claim and 'length' in another, because 'that' should not have so many different meanings." *Id.*

Plaintiff responds that "[t]here is no ambiguity in the disputed language . . . [a]ny person with ordinary skill in the art would interpret these statements to concern [ ] length and [ ] width." Dkt. 35 at 4. Defendant does not dispute that the term "that" clearly refers to "width" in Claim 7 and "length" in Claim 8, thereby undermining its argument that the claims are indefinite. Whether there is a clearer way to draft a claim is not the standard for holding a claim invalid for indefiniteness. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014) ("a patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention."). Thus, Defendant's criticisms of the drafting of Claims 7 and 8 fall short of the clear and convincing evidence needed to prove indefiniteness.

\*                \*                \*

For the foregoing reasons, Defendant's invalidity arguments for Claims 1 and 5–8 are rejected.

D.     Proposed Constructions for Disputed Terms

Defendant chose to bring invalidity arguments instead of proposed constructions. Dkt. 32 at 4–5. As such, the disputed terms will be assessed only in terms of Plaintiff's proposed constructions. For each of the parties' disputed claim terms, Plaintiff argues, "[e]ach of these terms can and should be read under their plain and ordinary meaning and can be properly construed because one of skill in the art would readily interpret what these patent claims require." Dkt. 33 at 9. Plaintiff then provides its definition of "plain and ordinary meaning" for each of the disputed terms.

| Term | Plaintiff's Construction |
|---|---|
| "at least two-row unit designs" (Claims 5–7) | "there are at least two rows of unit designs" |
| "the unit organizations of any one unit design" | "the unit organization of any particular unit design" |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | Date | February 19, 2019 |
|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | |

| | |
|---|---|
| (Claim 5) | |
| "arrayed in zigzag with the unit organization of another unit design" (Claim 5) | "offset from the unit designs adjacent to it" |
| "with the unit organizations" (Claim 6) | "with particular unit organizations" |
| "the width of any one unit design" (Claim 7) | "width of a unit design" |
| "is wider than that of another unit design" (Claim 7) | "longer than another unit design's width" |
| "adjacent to the one unit design" (Claim 7) | "immediately above, below, or next to the unit design" |
| "the length of the one unit organization" (Claim 8) | "length of a unit organization" |
| "longer than that of another unit organization" (Claim 8) | "longer than another unit organization's length" |
| "adjacent to the one unit organization" (Claim 8) | "immediately above, below, or next to the unit organization" |

Nothing in the intrinsic record suggests that these terms are used in a manner that is different than their ordinary meaning. Although Plaintiff has offered its interpretation of the plain and ordinary meaning of these claim terms, there does not appear to be a need to provide such constructions to a fact-finder to facilitate an understanding of the meaning of each term. Based on the current record, these terms will not be construed.

**IV.    Conclusion**

For the reasons stated, the following constructions shall govern this case.

| Term | Court's Construction |
|---|---|
| "network structure" (Claims 1 and 4) | "the configuration of a unit organization" |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | | Date | February 19, 2019 |
|---|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | | |

| | |
|---|---|
| "ground organization"<br>(Claims 1, and 5–7) | "the design or shape of yarns of the underlying knitted fabric, which is located underneath the pattern organization." |
| "The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the unit organizations of any one unit design are arrayed in parallel with unit the organizations of another unit design in the transverse direction."<br>(Claim 6) | "The warp knitting fabrics according to claim 1, wherein the ground organization comprises at least two-row unit designs, and the unit organizations of any one unit design are arrayed in parallel with the unit organizations of another unit design in the transverse direction." |
| "at least two-row unit designs"<br>(Claims 5–7) | No construction |
| "the unit organizations of any one unit design"<br>(Claim 5) | No construction |
| "arrayed in zigzag with the unit organization of another unit design"<br>(Claim 5) | No construction |
| "with the unit organizations"<br>(Claim 6) | No construction |
| "the width of any one unit design"<br>(Claim 7) | No construction |
| "is wider than that of another unit design"<br>(Claim 7) | No construction |
| "adjacent to the one unit design"<br>(Claim 7) | No construction |
| "the length of the one unit organization"<br>(Claim 8) | No construction |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-02625 JAK (ASx) | | Date | February 19, 2019 |
|---|---|---|---|---|
| Title | Wongab Corporation. v. Target Corporation, et al. | | | |

| "longer than that of another unit organization" (Claim 8) | No construction |
|---|---|
| "adjacent to the one unit organization" (Claim 8) | No construction |

**IT IS SO ORDERED.**

_____  :  _____

Initials of Preparer    ak